UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHNNY WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| EXTRA SPECIAL PROPERTIES, LLC, | ) | Case No. 4:22-cv-00209-SRC |
| | ) | |
| Defendant. | ) | |
| | ) | |

### Memorandum and Order

Plaintiff Johnny White initiated this case on February 21, 2022, Doc. 1, and, after multiple attempts, served Defendant Extra Special Properties, LLC on February 27, 2023, Doc. 30. White alleges that Defendant violated the Americans with Disabilities Act, Doc. 1 at ¶ 20, and seeks an injunction requiring Defendant to bring its property into compliance with the ADA, *id.* at ¶ 40. Defendant failed to answer or otherwise respond. The Clerk of Court entered a Clerk's Default on April 11, 2023. Doc. 32. White now moves for default judgment, seeking an injunction and attorney's fees against Defendant. Doc. 33. The Court denies without prejudice White's motion for default judgment.

**I.  Standard and analysis**

Default judgments are not favored in the law, and before granting one, a court should satisfy itself that the moving party is entitled to judgment by reviewing the sufficiency of the complaint and the substantive merits of the plaintiff's claim. *United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993); *Monsanto v. Hargrove*, Case No. 4:09-cv-1628-CEJ, 2011 WL 5330674, at *1. (E.D. Mo. Nov. 7, 2011).

To obtain a default judgment under Rule 55(b), a party must follow a two-step process.  First, the party must obtain an entry of default from the Clerk of Court.  Fed. R. Civ. P. 55(a).  "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  *Id.*  Once the Clerk enters default, the defendant is deemed to have admitted all well-pleaded factual allegations in the complaint.  *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (citing *Thomson v. Wooster*, 114 U.S. 104 (1885)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

Second, the party must "apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2).  "[T]he entry of a default judgment . . . [is] committed to the sound discretion of the district court."  *Harre*, 983 F.2d at 130 (citing *FTC v. Packers Brand Meats, Inc.*, 562 F.2d 9, 10 (8th Cir. 1977) (per curiam)); *see also Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) (reviewing the entry of default judgment for abuse of discretion) (citations omitted).  While courts deem all well-pleaded facts admitted upon default, "it remains for the [district] court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."  *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (citing 10A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2688 at 63 (3d ed. 1998)).

The ADA prohibits places of public accommodation from discriminating against persons with disabilities.  42 U.S.C. § 12182(a).  This includes "fail[ing] to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable."  42 U.S.C. § 12182(b)(2).  However, an entity may, as a defense,

2

argue that removing the barriers is an undue burden, *id.* at § 12182(b)(2)(A)(iii), or not readily achievable, *id.* at § 12182(b)(2)(A)(v). *Childress v. Fox Assocs., LLC*, 932 F.3d 1165, 1171 (8th Cir. 2019) (citing *Gorman v. Bartch*, 152 F.3d 907, 912 (8th Cir. 1998)). Further, "[t]he ADA grants a private right of action for injunctive relief to 'any person' subject to disability discrimination." *Midwest Disability Initiative v. JANS Enters., Inc.*, 929 F.3d 603, 606 (8th Cir. 2019) (citing 42 U.S.C. 12188(a)(1)); *see also*, *Disability Support All. v. Heartwood Enters., LLC*, 885 F.3d 543, 546 (8th Cir. 2018) ("[The ADA] limits a person subjected to public accommodation discrimination to 'preventive relief,' typically, a temporary or permanent injunction."). But when ordering an injunction, Federal Rule of Civil Procedure 65(d) requires the Court to "state [an injunction's] terms specifically[.]"

Seeking injunctive relieve via a default judgment, White alleges that Defendant violated the ADA by denying full and equal enjoyment of the Defendant's property. First, regarding default, White supports his motion with an affidavit that establishes the minimum elements of default—he filed a complaint, served the summons, and Defendant failed to appear. Doc. 33-1. Second, regarding the ADA violations, White alleges multiple violations of the ADA Accessibility Guidelines (referred to as ADAAG)—a comprehensive set of guidelines that define whether a facility's feature violates the ADA. Doc. 1 at ¶¶ 23–30; *Smith v. Hartmann's Moonshine Shoppe, LLC*, No. 17-cv-4211, 2019 WL 4888996, at *3 (D. Minn. Oct. 3, 2019) (first citing *Davis v. Anthony, Inc.*, 886 F.3d 674, 676 n.2 (8th Cir. 2018); then citing *Loskot v. Mathews*, No. 2:09-cv-00011, 2010 WL 1173053, at *2 (E.D. Cal. Mar. 23, 2010)). Specifically, White alleges the following violations:

> ACCESSIBLE ROUTES/PARKING (Exterior)
> a. There is no van accessible parking identified as such with upright "Van Accessible" signage in violation of Section 4.6 of the 1991 ADAAG and Sections 208, 302 and 502 of the 2010 ADAAG. This violation made it dangerous for

3

Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff undue upset and loss of opportunity.

b.   The visible upright signage (displaying the International Symbol of Accessibility) designating parking spaces as accessible is mounted too low in violation of Section 4.6 of the 1991 ADAAG and Section 502 of the 2010 ADAAG. This violation made it dangerous for Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff undue upset and loss of opportunity.

c.   There is no accessible route provided within the site from the public sidewalk which serves the facility. Violation: There is no accessible route connecting the public sidewalk serving the subject facility and any accessible entrance(s) in violation of Section 4.3.2 of the 1991 ADAAG and Section 206.2.1 of the 2010 ADAAG. This violation prevented equal access to the Subject Property and caused Plaintiff undue upset and loss of opportunity.

d.   There are no accessible seating positions provided at the outdoor seating area. There are not at least 17 inches of toe depth provided under any of the tables. This is in violation of Section 5.1 of the 1991ADAAG and Section 226.1 902 fig 306.2 306.3 of the 2010 ADAAG. This violation prevented equal access to the plaintiff and caused Plaintiff undue upset and loss of opportunity.

e.   The purported accessible parking space(s) are not level in all directions and have areas of uneven, broken and cracked pavement because of Defendant's history and practice of failing to inspect and maintain the parking surface in violation of 28 CFR § 36.211, Sections 4.5.1 and 4.6.3 of the 1991 ADAAG and Sections 302 and 502.4 of the 2010 ADAAG. This violation made it dangerous for Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff undue upset and loss of opportunity.

f.   The purported accessible aisle(s) are not level in all directions and have areas of uneven, broken and cracked pavement because of Defendant's history and practice of failing to inspect and maintain the parking surface in violation of 28 CFR § 36.211, Sections 4.5.1 and 4.6.3 of the 1991 ADAAG and Sections 302 and 502.4 of the 2010 ADAAG. This violation made it dangerous for Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff undue upset and loss of opportunity.

g.   The paint delineating the accessible parking spaces and access aisles is not being maintained so that it clearly marks the accessible parking location in violation of 28 CFR § 36.211, Section 4.6 of the 1991 ADAAG, and Section 502.3.3 of the 2010 ADAAG. This violation made it dangerous for Plaintiff to utilize the parking facility at the Subject Property and caused Plaintiff undue upset and loss of opportunity.

h.   The accessible entrance does not provide the minimum requisite level maneuvering clearance for a forward approach to the pull side of the designated accessible entry door in violation of Section 4.13.6 of the 1991 ADAAG and Section 404.2.4 of the 2010 ADAAG. This violation made it dangerous for Plaintiff to access the Subject Facility and caused Plaintiff undue upset and loss of opportunity.

RAMP

     i.     The curb ramp has flared sides which are steeper than 1:10. This is in violation of 28 CFR § 36.211, 4.7.5 of the 1991 ADAAG and 406.3 of 2010 ADAAG.  This violation prevented safe access to the plaintiff and caused Plaintiff undue upset and loss of opportunity.

     j.     The curb ramps to the public entrances (the only means of access to wheelchair users) has a run which exceeds the maximum slope requirement (8.33%) set forth in Section 4.7.2 of the 1991 ADAAG and Section 406.1 of the 2010 ADAAG.  This violation prevented safe access to the plaintiff and caused Plaintiff undue upset and loss of opportunity.

MAINTENANCE PRACTICES

     k.     Defendant has a practice of failing to maintain the accessible features of the facility, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR § 36.211.  This practice prevented access to the plaintiff equal to that of Defendant's able-bodied customers causing Plaintiff loss of opportunity, anxiety, humiliation and/or embarrassment.

     l.     Defendant has a practice of failing to maintain the accessible elements at the Subject Facility by neglecting its continuing duty to review, inspect, and discover transient accessible elements which by the nature of their design or placement, frequency of usage, exposure to weather and/or other factors, are prone to shift from compliant to noncompliant so that said elements may be discovered and remediated.  Defendant failed and continues to fail to alter its inadequate maintenance practices to prevent future recurrence of noncompliance with dynamic accessible elements at the Subject Facility in violation of 28 CFR § 36.211, the 1991 ADAAG, and the 2010 ADAAG.  These violations, as set forth hereinabove, made it impossible for Plaintiff to experience the same access to the goods, services, facilities, privileges, advantages and accommodations of the Subject Facility as Defendant's able-bodied patrons and caused Plaintiff loss of opportunity, anxiety, embarrassment and/or humiliation.

     m.     Defendant has failed to modify its discriminatory maintenance practices to ensure that, pursuant to its continuing duty under the ADA, the Subject Property remains readily accessible to and usable by disabled individuals, including Plaintiff, as set forth herein, in violation of 28 CFR § 36.302 and 36.211.  This failure by Defendant prevented access to the plaintiff equal to that of Defendant's able-bodied customers causing Plaintiff loss of opportunity, anxiety, humiliation and/or embarrassment.

Doc. 1 at ¶ 25.

Taking the well-pleaded factual allegations as true, the Court finds that White's Complaint, Doc. 1, and motion, Doc. 33, lack detail on what manner Defendant fails to comply and fails to specify relief.  First, White does not include any affidavits or additional evidentiary support for the claims themselves.  The affidavit he filed merely states the claims for default—

Defendant's failure to respond—but nothing to support his bare allegations in the complaint. Doc. 33-1.  Next, White's motion for an injunction asks "that the Defendant be ordered to fully remedy all barriers to entry defined by the ADA[.]"  Doc. 33 at p. 2.  Merely ordering someone to comply, without giving any direction as to what changes must take place, does not rise to the level of specificity required by the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 65(d). Thus, the Court denies without prejudice White's Motion for a Default Judgment.

## II.     Conclusion

The Court denies without prejudice White's Motion for Default Judgment, Doc. 33, for failure to specify relief.  If White wishes to file a second Motion for Default Judgment, the Court orders White to do so by July 3, 2023.  Failure to comply will result in dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b).

So Ordered this 12th day of June 2023.

_SL R. Cl_
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE